Corinne McKaine, Appellant, *v.* Drake Business School, Inc., Respondent.

(Supreme Court, Appellate Term, First Department, May, 1919.)

Civil Rights Law, § 40 — action under, for refusal to admit student in defendant's school — burden of proof — pleading.

> Where in an action under the Civil Rights Law the testimony of plaintiff that she was refused admittance as a student in defendant's school by the principal, the only person authorized to enroll students and receive payment for tuition, is not denied, it was error to dismiss the complaint.

> The burden was upon defendant to prove that it was within the exception of section 40 of the Civil Rights Law as amended, viz.; that it was an institution " which is in its nature distinctly private."

> The defendant having been incorporated by the regents of the state of New York, and therefore under their supervision, an allegation of the complaint that defendant was registered under the regents is immaterial, as so far as the statute was concerned it was unimportant whether the school had a provisional or a permanent charter.

Appeal by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, dismissing the complaint of the plaintiff at the close of plaintiff's case.

Robert P. Lattimore, for appellant.

Charles W. Bacon, for respondent.

Finch, J.   The plaintiff, a young colored woman, applied to defendant's school for tuition. Upon application to one Kane, the person in charge of enrollments, plaintiff testified that she was refused admittance on the ground that she was a colored person.

It appears that Kane was the principal of the school and was the manager of the commercial department of the school, enrolled students and received payments for tuition. There was no denial of plaintiff's testimony by Kane who was not called as a witness. Defendant contends that Kane had no authority to reject the plaintiff. This contention is not sound since Kane was the person, and apparently the only person, held out by defendant as clothed with such authority to persons applying for enrollment, and according to the testimony of the vice-president and treasurer, Kane was in fact charged with the duties above noted. Moreover, the same witness testified that no instructions were given to Kane as to what scholars he should accept or reject, and that the matter was left entirely to Kane's discretion. It is true that this witness later, in answer to questions of defendant's counsel, endeavored to counteract this testimony somewhat, but for the above reasons it is clear that Kane must be held to have had the necessary authority, at least in so far as the plaintiff is concerned, so as to have constituted error for the learned court below to have dismissed the complaint.

Another point of controversy between the parties was that the plaintiff failed to prove that the defendant was not within the exception of the Civil Rights Law, namely, that the defendant was not an institution "which is in its nature distinctly private." Section 40 of the Civil Rights Law (Laws of 1918, chap. 196), as amended, provides:

"All persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations, resort or amusement, subject only to the conditions and limitations, established by law and applicable alike to all persons.

"A place of public accommodation, resort or amusement within the meaning of this article, shall be deemed to include   *   *   *   kindergartens, primary and secondary schools, high schools, academies, colleges, and universities   *   *   *   under the supervision of the regents of the state of New York."

The above provisions are limited by the following exception:

" Nothing herein contained shall be construed to include any institution, club, or place of accommodation which is in its nature distinctly private."

Apart from the fact that it would seem difficult to hold upon this record that a school which concededly advertises for students upon billboards and elevated and subway stations throughout the city of New York, was of a distinctly private nature, it is clear that the burden was upon the defendant to prove it is within the exception of the statute if it sought to claim the benefits of such exception.

The respondent further contends that the defendant was not an educational institution registered as distinct from incorporation, under the supervision of the regents of the state of New York. Upon the trial it appeared that the defendant was duly incorporated by the regents and had received from them a provisional charter which might be subsequently replaced by a permanent charter. This proof was sufficient to support the plaintiff's cause of action upon this branch of the case, since the Civil Rights Law applies to educational institutions under the supervision of the regents of the state of New York, and an educational institution would come within the supervision of the regents of the state of New York, whether it was incorporated under the regents or registered under the regents. So far as registration is concerned, section 50 of the Education Law provides:

Appellate Term, First Department, May, 1919.    [Vol. 107.

§ 50. Registrations.— The regents may register domestic and foreign institutions in terms of New York standards, and fix the value of degrees, diplomas and certificates issued by institutions of other states or countries and presented for entrance to schools, colleges and the professions in this state.''

This section would seem to apply only to institutions not incorporated by the regents and that such institutions not so incorporated by the regents may upon registration have the same status as those so incorporated. It follows that since the defendant was incorporated under the regents, it came within their supervision and the allegation by the plaintiff in her complaint that the defendant was registered under the regents was an immaterial allegation. It is also clear that so far as coming within the provisions of the Civil Rights Law is concerned, it is immaterial whether the institution has received a provisional charter or a permanent charter. For the foregoing reasons it was error to have dismissed the complaint.

Judgment appealed from should be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

Guy and Whitaker, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.